## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 4:14CR00067 RWS/TIA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER A. GIAMBALVO, | ) | |
| | ) | |
| Defendant. | ) | Sentencing: January 8, 2015 |

**DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Defendant Peter Giambalvo ("Defendant"), by and through his counsel, respectfully files objections to the initial Presentence Investigation Report ("PSR"), which was disclosed December 4, 2014.

Defendant objects to PSR, paragraphs 6 *through* 15 (offense conduct), inclusive, on the grounds that Defendant maintains his innocence with respect to the factual allegations and on the grounds that the tax loss computations included therein are legally and factually erroneous as set forth in more detail *infra*.

Defendant objects to PSR, paragraphs 18 and 26 (adjustment for obstruction of justice) on the grounds that, as a matter of law and based on the facts of this case, the two-level enhancement pursuant to U.S.S.G. § 3C1.1 is unwarranted.  Specifically, the basis for the enhancement is that Defendant "testified that he did not knowingly violate the tax laws of the United States, and believed that his actions were lawful at the time," and that the jury convicted Defendant.  *See* PSR, ¶ 18.  Based on the jury's verdict, the PSR concludes, "Therefore, the defendant willfully attempted to obstruct or impede the administration of justice with respect to the prosecution of the instant offenses of

conviction by testifying untruthfully, pursuant to U.S.S.G. § 3C1.1." *Id.* First, this enhancement is being imposed because Defendant exercised his Constitutional right to testify and, in particular, to advance a good faith defense in this criminal tax case. *See* U.S.S.G. § 3C1.1, App. Note 2 ("This provision is *not* intended to punish a defendant for the exercise of a constitutional right"). Second, as a matter of law, the "sentencing court cannot give the upward departure simply because a defendant testifies on his own behalf and the jury disbelieves him." *United States v. Flores*, 362 F.3d 1030, 1037 (8th Cir. 2004) (internal citations to Eighth Circuit authority omitted). As the Eighth Circuit has emphasized, "To do so would chill a defendant's constitutional right to testify on his own behalf." *Id*. That is precisely the basis on which the two-level enhancement is predicated and precisely what is impermissible under binding Eighth Circuit precedent. This enhancement is therefore unwarranted and legally improper.

Defendant objects to PSR, paragraph 22, 27, 30 ("offense level computations") on the grounds that the tax loss is *not* $76,229.23 and the base offense level should therefore not be 14 and, as stated *supra*, the obstruction enhancement should not apply. With respect to the tax loss, Defendant's objection is at least four-fold. First, as an initial matter, Defendant objects that there was ever an *intent* to violate the tax laws and that the intended loss is therefore $0.00. Significantly, based on the allegations in the Indictment and the jury instructions, the jury was never charged with determining whether Defendant ever intended to receive a tax refund. Instead, the jury was only charged with determining whether Defendant corruptly and/or willfully falsely reported wages on line 7 of the U.S. Individual Income Tax Returns for tax years 2003 through 2010 as $0. Second, the tax loss computations set forth in the PSR for tax years 2000, 2001, and 2002

are predicated on IRS-created "Substitutes for Returns," which generally and based on the IRS-CI investigation in this case, are unreliable. The Government bears the burden of proving the reliability of these "Substitutes for Returns" and, in particular, the alleged income items reflected therein. Based on what has been provided to the defense in discovery to date – in particular, the Special Agent's Report and attached appendices – the relevant items the Government has to legally substantiate (*i.e.* the individual income items) *could not* be substantiated by the IRS-CI special agent despite substantial efforts. Third, the computations for intended loss in the PSR include alleged requests for refunds of Social Security withholdings and Medicare withholdings. These withholdings do not constitute "tax loss" under Section 2T of the United States Sentencing Guidelines and should not be included as relevant conduct in this criminal tax case. For example, if a defendant was being sentenced for failing to file tax returns under Section 2T of the Guidelines, it would be improper to include failure to pay into Social Security and/or failure to pay into Medicare in the criminal tax computations. *See, e.g., United States v. Harris*, 200 Fed.Appx. 472, 496 (6th Cir. 2007) (unpublished) ("finding error where district court included FICA taxes in tax loss in criminal tax case). Fourth, the investigation and prosecution proceeded into 2011, 2012, and 2013 and any intended tax loss should be *reduced* by the overwithholding of federal income taxes as reflected in Defendant's 2011, 2012, and 2013 tax returns on file with the IRS using precisely the same approach the PSR uses in its computations for tax years 2000 through 2010.

Defendant objects to PSR, paragraph 55 on the grounds that he is no longer employed by The Boeing Company as he has been incarcerated since October 2, 2014 in connection with this case.

Defendant objects to PSR, paragraph 59, 60, 61 and 64.  As a threshold matter, Defendant no longer owns the 1992 Chevrolet Beretta; thus, for purposes of accuracy, it should be removed.  Likewise, Defendant no longer receives a salary of $6,666 as he is no longer employed; thus, for purposes of accuracy, it should be removed.  More significantly, the PSR incorrectly concludes that Defendant does not owe a mortgage on 437 Turkey Creek Road in Hawk Point, Missouri.  The house, which is titled in the names of Peter Giambalvo and his wife, Shelley Giambalvo, has an outstanding loan for which Peter Giambalvo is liable.  Defendant is in the process of attempting to obtain confirmation of the outstanding liability for the benefit of the U.S. Probation Office and will provide confirmation upon receipt.  Defendant objects to the first sentence in paragraph 61, on the grounds that certain vehicles are owned by GKFTC, not all of "his assets."

With respect to sentencing options, Defendant objects as follows:

- Defendant agrees that a Guidelines range of 21 – 27 months applies for an offense level of 16 and a criminal history category of I, but objects that Defendant's offense level is 16 (PSR, ¶ 66).

- Defendant agrees that a defendant in Zone D is, under the advisory Guidelines, ineligible for probation, but objects that Defendant falls into Zone D (PSR, ¶ 73).

With the exception of the objections stated herein, Defendant accepts the PSR.

Respectfully submitted,

Capes, Sokol, Goodman & Sarachan, P.C.

**/s/ JUSTIN K. GELFAND**
JUSTIN K. GELFAND, #62265MO
ATTORNEY FOR DEFENDANT
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 505-5404
Facsimile: (314) 505-5405
gelfand@capessokol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States of America, by and through its counsel, Steven Muchnick, AUSA.

Respectfully submitted,

Capes, Sokol, Goodman & Sarachan, P.C.

**/s/ JUSTIN K. GELFAND**
JUSTIN K. GELFAND, #62265
ATTORNEY FOR DEFENDANT
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 505-5404
Facsimile: (314) 505-5405
gelfand@capessokol.com